IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONIA TATE,                )
                           )
         Plaintiff,        )
                           )
    v.                     )   No. 16 C 8689
                           )
UNITED AIRLINES, INC.,     )
                           )
         Defendant.        )

**<u>OPINION AND ORDER</u>**

This is an action under Title I of the Americans with Disabilities Act, 42 U.S.C. §12111, *et seq.,* ("the ADA"). The court has jurisdiction of the action and the parties pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§ 1331, 1337, and 1343.

Before the court are plaintiff's motion to amend the pleadings by adding class action allegations as set forth in a First Amended Class Action Complaint and defendant's motion to compel plaintiff to supply additional information and documents in response to interrogatories and requests for the production of documents.

# I.

Plaintiff Tonia Tate ("Tate") was employed by defendant United Airlines, Inc. from 1998 until November 12, 2012 as a flight attendant. She has been diagnosed as having Type I diabetes which she alleges substantially limits one or more of her major life activities. It is further alleged that her physical impairment was increased by being subjected to long periods of standing while working as a flight attendant.

It is alleged that UAL has a policy and practice of treating Tate's condition as a common illness without accommodation of medical restrictions and terminating employees for missing work when absent from work as a result of such disability. Plaintiff alleges that she was so terminated for being absent from work after being subjected to a hostile work environment.

Tate seeks to bring this action on behalf of herself and other UAL similarly situated employees pursuant to F.R.C.P. Rule 23(b)(3). She alleges the following class definition.

> All persons who were employed by the Defendant, its subsidiaries and affiliated companies, as Flight Attendants or similarly situated employees, in the United States at any time during the relevant statute of limitations period, individuals with disabilities, absent from work because of their disability, and discharged under the attendance policy used by Defendant.

Plaintiff alleges numerosity, common questions of law and fact, typicality, adequacy and the superiority of a class, factors which must be considered before a class can be certified.

Plaintiff is not seeking class certification at this time. However, defendant attacks the proposed class allegations of the complaint. An order denying amendment to allege class action allegations or to strike class action allegations is functionally equivalent to an order denying class certification. ***In re Bemis Co.,*** 279 F. 3d 419, 421 (7th Cir. 2002).

Defendant's position, that the proposed class action complaint asserting that ADA complaints of the kind alleged are not conducive to class actions, is contrary to the holdings in ***Hendrix-Robinson v Excel Corp.,*** 154 F. 3d 685 (7th Cir. 1998) in which the court considered an employer's lay-off policy in an ADA class action context and ordered a trial of such issues.

Notice is taken of the ADA consent decree entered by this court in the case of ***Equal Employment Opportunity Commission v. United Airlines, Inc.,*** 10 C 1699, on June 8, 2015. In that proceeding UAL consented to an injunction requiring it to provide reasonable accommodation to disabled employees and required to it modify its assessment, training and notice practices. Although that case was not a class action, it provides background information and the facts may

be of relevance in an ADA class action if one is certified. For present purposes, it supports the plausibility of plaintiff's class action complaint. ***Ashcroft v. Iqbal,*** 556 U. S. 662, 678 (2009); ***Bell v. Twombly,*** 550 U. S. 544, 556 (2007). The motion to file an amended complaint will be granted and time will be allowed for class action discovery and the filing of a motion to certify a class.

## II.

Defendant contends that the plaintiff's answers to interrogatories and response to the request for documents is incomplete. The information sought is incomplete. However, some or all of the information may be provided when plaintiff gives a deposition. Plaintiff also states that some information will be provided as required by F.R.C.P. Rule 26. Accordingly, ruling on defendant's motion will be reserved until after plaintiff is deposed. However, plaintiff must promptly furnish the initial disclosures required by Rule 26 (a)(1).

IT IS THEREFORE ORDERED AS FOLLOWS:

(1) Plaintiff's motion for leave to file it First Amended Class Action Complaint (Dkt. 12) is granted. Defendant's motion to strike the class action allegations (Dkt. 20) is denied.

(2) Defendant is granted 14 days to answer the amended complaint.

(3) Class-action discovery must be completed by October 2, 2017.

(4) Any motion to certify a class shall be filed by October 2, 2017.

(5) The parties shall comply with the initial disclosure requirements of Rule 26(a)(1) within 14 days.

(6) Defendant's motion to compel discovery (Dkt.16) is reserved.

(7) This case is set for a hearing on status on October 5, 2017 at 2 PM.


ENTER:

*[signature]*
———————————————
UNITED STATES DISTRICT JUDGE

DATED: JUNE 15, 2017